Thomas A. Gentile, Esq. (TG-6939)
**Wilson Elser Moskowitz Edelman & Dicker LLP**
200 Campus Drive, Fourth Floor
Florham Park, New Jersey 07932
Phone:  (973) 735-5785
Fax:  (973) 624-0808

*Attorneys for Defendant*
*Emerson Convalescent Center, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DWORIA BERGSTEIN REVOCABLE TRUST, | Civil Action No. _____ |
| *Plaintiff,* | |
| v. | **NOTICE OF REMOVAL** |
| EMERSON CONVALESCENT CENTER, INC. | **(Filed Electronically)** |
| *Defendant.* | |

**TO:    THE HONORABLE CHIEF JUDGE AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §1446(a), Defendant EMERSON CONVALESCENT CENTER, INC. ("Emerson" or "Defendant"), by and through its undersigned attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, on this date have filed this Notice of Removal from the Superior Court of New Jersey, Chancery Division, Bergen County, to this Honorable United States District Court for the District of New Jersey, together with all process, pleadings, and orders, as required by 28 U.S.C. §1446(a), copies of which are attached hereto, and made part hereof; and that said Notice  respectfully shows that:

(1)    Emerson is a defendant in a civil action brought in the Superior Court of New Jersey, Chancery Division, Bergen County, captioned *Dwoira Bergstein Revocable Trust v. Emerson Convalescent Center, Inc.*, Docket No. C-250-16.

1

(2)      The complaint in the foregoing state court action was filed in the Superior Court of New Jersey, Chancery Division, Bergen County, on or after September 2, 2016, which is the date that is file-stamped on the face of the state court complaint.  Attached hereto as Exhibit A is a true and correct copy of the state court complaint and accompanying summons.

(3)      The law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, on behalf of its client, Emerson, accepted and acknowledged service of process of the state court complaint on September 29, 2016.  Attached hereto as Exhibit B is a true and correct copy of the Acknowledgement and Acceptance of Service bearing the date September 29, 2016.

(4)      Having accepted and acknowledged service of process of the state court complaint on September 29, 2016, removal is timely as of this date, October 27, 2016.  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

(5)      The aforesaid state court complaint, summons and Acknowledgement and Acceptance of Service, constitute all process, pleadings and orders in this action.

(6)      Defendant is entitled to remove this action on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. §1441(b).  Plaintiff, the Dwoira Bergstein Revocable Trust, is a trust created and governed under Florida law, all of whose trustees are domiciled in states other than New Jersey.  Defendant is a New Jersey corporation having its principal place of business in New Jersey.  As such, there is complete diversity of citizenship.

(7)      Upon information and belief and the facts set forth herein, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Among other relief, Plaintiff seeks in all three counts of Plaintiff's complaint "compensatory and punitive damages."  In addition, Plaintiff seeks in all three counts of Plaintiff's complaint

2

"attorneys and professionals' fees."  All of the foregoing show that the amount in controversy is in excess of the $75,000.00 threshold of 28 U.S.C. §1332(a).

(8)     Therefore, this is a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, over which the United States District Courts have original diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1); and, therefore, this civil action may be removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §1441(a).

(9)     Defendant does not waive any objections, any exceptions, or any defenses to the plaintiff's complaint, and retains all right to assert all such objections, exceptions and/or defenses in the United States District Court for the District of New Jersey and/or elsewhere.

(10)    Upon filing (electronically) the within Notice of Removal with the United States District Court for the District of New Jersey, Defendant also filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Chancery Division, Bergen County, to effect removal of this action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §1441 and 1446(b).  A true and correct copy of the Notice filed with the Superior Court of New Jersey, Chancery Division, Bergen County (without exhibits),  is attached as Exhibit C.

**WHEREFORE,** Defendant respectfully prays, given that all applicable statutory requirements have been met, that the above-captioned action now pending in Superior Court of New Jersey, Chancery Division, Bergen County, be removed to this Honorable United States District Court for the District of New Jersey.

Dated:  October 27, 2016

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By:  _____/s/ Thomas A. Gentile_____

THOMAS A. GENTILE

Thomas A. Gentile (TG-6939)
200 Campus Drive, Fourth Floor
Florham Park, New Jersey 07932
Phone:  (973) 735-5785
Fax:  (973) 624-0808

*Attorneys for Defendant*
*Emerson Convalescent Center, Inc.*

4

Thomas A. Gentile, Esq. (TG-6939)
**Wilson Elser Moskowitz Edelman & Dicker LLP**
200 Campus Drive, Fourth Floor
Florham Park, New Jersey 07932
Phone:  (973) 735-5785
Fax:  (973) 624-0808

*Attorneys for Defendant*
*Emerson Convalescent Center, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWORIA BERGSTEIN REVOCABLE TRUST,<br><br>*Plaintiff,*<br><br>v.<br><br>EMERSON CONVALESCENT CENTER, INC.<br><br>*Defendant.* | Civil Action No. _____<br><br><br>**CERTIFICATION OF SERVICE**<br><br>**(Filed Electronically)** |

1.      I am an attorney admitted to the practice of law before this Honorable United States District Court for the District of New Jersey, and a partner in the law firm of Wilson Elser Moskowitz Edelman & Dicker LLP, which is counsel for Defendant EMERSON CONVALESCENT CENTER, INC. in the above-captioned action.  I certify under penalty of perjury that the following statements made by me are true.

2.      On this day, October 27, 2016, I caused the original of the within **NOTICE OF REMOVAL** to be filed electronically with this Honorable United States District Court for the District of New Jersey, by means of this Court's CM/ECF Electronic Filing System.

3.      Also on this day, October 27, 2016, I caused a copy of the within **NOTICE OF REMOVAL** to be filed with the Clerk of the Court, Superior Court of New Jersey, Chancery

5

Division, Bergen County, Bergen County Justice Center,  10 Main Street, Hackensack, New Jersey 07601, by means of FedEx Overnight delivery service.

4.     Also on this day, October 27, 2016, I caused a copy of the within **NOTICE OF REMOVAL** to be served upon Jeffrey A. Cooper, Esq., Rabinowitz, Lubetkin & Tully, LLC, 293 Eisenhower Parkway, Suite 100, Livingston, New Jersey 07039, who is attorney for the Plaintiff, by means of FedEx Overnight delivery service.


By:  _____/s/ Thomas A. Gentile_____

THOMAS A. GENTILE

Dated:  October 27, 2016

6

# EXHIBIT A

**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
(973) 597-9119 (Fax)
*Counsel for Plaintiff, Jeffrey A. Cooper and Barry J. Roy*

-and-

**WHITE & WOLNERMAN, PLLC**
950 Third Avenue, 11th Floor
New York, New York 10022
(212) 308-0667
(212) 308-7090 (Fax)
*Counsel for Plaintiff, David Y. Wolnerman*

SUPERIOR COURT BERGEN COUNTY
FILED

SEP 0 2 2016

*[signature]*
DEPUTY CLERK

| | |
|---|---|
| DWOIRA BERGSTEIN REVOCABLE TRUST,<br><br>                     Plaintiff,<br><br>v.<br><br>EMERSON CONVALESCENT CENTER, INC.,<br><br>                     Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION:<br>BERGEN COUNTY<br><br>DOCKET NO. *C-250-16*<br><br>Civil Action<br><br>**Verified Complaint** |

Plaintiff, Dwoira Bergstein Revocable Trust (the "Trust" or "Plaintiff"), by and through its undersigned attorneys, as and for its Verified Complaint (the "Complaint") against Emerson Convalescent Center, Inc. ("Emerson" or "Defendant"), states and alleges as follows:

## NATURE OF ACTION

1.      Plaintiff commences this action in order to obtain full access to Emerson's books and records and a formal accounting from Emerson in order to remedy Emerson's systematic refusal to provide Plaintiff with even the most basic form of corporate disclosures, and its historical failure to meet corporate obligations and observe corporate formalities.

2.     Despite repeated requests by Plaintiff to Emerson to disclose information necessary for Plaintiff to determine: (i) whether it has been receiving distributions from Emerson in accordance with its equity interest; (ii) whether its shareholder interest has been improperly diluted; (iii) whether Emerson has spun-off ancillary businesses without providing all shareholders the opportunity to share in these corporate opportunities; (iv) whether Emerson is being mismanaged; and (v) whether Emerson's management is exerting improper control over the company for their own benefit through delay and obfuscation.

3.     Emerson has ignored all such requests for information, thereby depriving Plaintiff of the very information needed for it to make an informed decision regarding the aforementioned issues.

## THE PARTIES

4.     The Trust is a shareholder of Emerson, and is reflected to own ten and eighty-seven one hundredths shares pursuant to its stock certificate dated July 1, 2014 (as of April 17, 2014).

5.     Emerson is a New Jersey corporation with a business address at 100 Kinderkamack Road, Emerson, New Jersey 07630.

6.     Emerson operates a nursing home facility and ancillary services at that location.

2

## DISCREPANCIES REGARDING SHAREHOLDER INTERESTS

7.     When Emerson was formed in or about 1975, Dwoira Bergstein ("Bergstein") purchased an interest of slightly more than 11% of the company, which amounted to 16 or 17 of the then total outstanding beds of 148.

8.     Upon information and belief, Bergstein's ownership interest was subsequently diluted by Emerson's grant of stock interests to Mark Kamens, an Assistant Administrator at Emerson.

9.     According to Emerson's accountants, Plaintiff now owns 10.87% of the company.

10.     To the extent Plaintiff received K-1 statements from Emerson, such K-1 statements reflected the fact that Bergstein, and then later the Trust, owned 10.87% of the company.

11.     In or about July 2014, Emerson reissued interests in the company and issued a stock certificate (the "Reissued Stock Certificate") reflecting that the Trust owned 10.87 shares of the company.

12.     Upon information and belief, Emerson currently has 148 shares issued and outstanding. Plaintiff's 10.87% shareholder interest represents 16.09 shares of the company.

13.     The Reissued Stock Certificate did not and does not accurately reflect the Trust's interest in Emerson.

14.     To date, despite numerous requests, both verbally and in writing, Emerson has never issued stock certificates accurately reflecting the Trust's actual ownership interest in Emerson.

15.     Emerson has increased its capacity, upon information and belief from 148 beds to 155 beds.

3

16.     Based on Emerson's continuing failure to provide Plaintiff with certain requested information, Plaintiff lacks the information necessary to discern whether Emerson calculates Plaintiff's shareholders interests based upon a 148-bed capacity, as opposed to its actual 155-bed capacity.

17.     Upon information and belief, Emerson has failed to provide distributions to Plaintiff based on its shareholder interest.

## IRREGULARITIES REGARDING SHAREHOLDER DISTRIBUTIONS

18.     As a shareholder, Plaintiff received regular distributions from Emerson (the "Distributions").

19.     However, regardless of the actual income earned by Emerson, the Distributions received by Plaintiff were the same or essentially the same from distribution to distribution for many years.  Specifically, the Plaintiff received a monthly distribution of $9,651.60.

20.     Beginning in or around 2014, Plaintiff received, from time to time, an additional $4,825.80 payment from Emerson.

21.     Upon information and belief, the Distributions did not reflect Plaintiff's actual share of Emerson's income and/or profits.

22.     Based on Emerson's continuing failure to provide Plaintiff with certain requested information, Plaintiff lacks the information necessary to determine whether the Distributions reflects Plaintiff's actual share of Emerson's income and/or profits.

## FAILURE TO OBSERVE CORPORATE FORMALITIES

23.     Although there were initial by-laws of the company dated April 2, 1975 (the "By-Laws"), upon information and belief, there is no current Shareholder Agreement for Emerson.

24.     The By-Laws provide generally for the corporate governance of Emerson. Among other things, the By-Laws require an annual meeting of shareholders and an annual meeting of the Board of Directors and, in the absence of such a meeting, the requirement that the written consent of shareholders be secured.

25.     The By-Laws also provide that the shares of Emerson be represented by actual stock certificates and provide a mechanism to govern the transfer of said shares.

26.     Since inception, it was understood and agreed by and between Leo Rosenson ("Rosenson") and Bergstein that their respective families' shareholder interest in Emerson would be equal.

27.     Upon information and belief, during or after 1991, certain original shareholders of Emerson were bought out .

28.     Upon information and belief, some of the shares were purchased by, among others, Rosenson.

29.     Rosenson accordingly received the economic advantage of purchasing additional shares without the shares being also made available to Plaintiff for purchase.

30.     Upon information and belief, the Trust has not received K-1 reports from Emerson for the years 2015 to present.

31.     Defendant has failed to observe the By-Laws and have failed to observe corporate formalities.

32.     The By-Laws provide that "[n]o compensation shall be paid to directors, as such, for their services, but by resolution of the board a fixed sum and expenses for actual attendance, at each regular or special meeting of the board may be authorized."

33.     Pursuant to Emerson's 2013 and 2014 tax returns, Emerson has paid board of director fees in the amount of $24,000 for each of the years 2013 and 2014.

34.     Upon information and belief, no board resolution on behalf of Emerson authorized the aforementioned payments.

35.     Upon information and belief, the provision of the By-Laws requiring an annual meeting of shareholders has not been observed.

36.     Upon information and belief, the provision of the By-Laws requiring an annual meeting of the Emerson's Board of Directors has not been observed.

37.     Upon information and belief, there are no minutes of any shareholder or Board of Directors meeting for Emerson.

38.     Upon information and belief, the provision of the By-Laws governing the appointment of Emerson's Board of Directors has not been observed.

39.     Upon information and belief, the provision of the By-Laws governing the appointment of Emerson's officers has not been observed.

## EMERSON'S ANCILLARY BUSINESSES

40.     Emerson operates a nursing home facility with ancillary services.

41.     Emerson has formed an Alzheimer's/memory care wing called "Reflections."

42.     Reflections is a 38 bed unit specializing in the safe and secure treatment of people living with Alzheimer's disease, dementia or other memory impairments.

43.     Upon information and belief, Plaintiff has not received any equity interest in or distribution on account of income generated from Reflections.

6

44.     In addition to Reflections, Emerson operates the following additional ancillary services (such services together with Reflections and such other business ancillary to Emerson, the "Ancillary Businesses"):

    a.  Physical, occupational, and speech therapy services;

    b.  Cardiac and respiratory therapy through Emerson C.A.R.E.S;

    c.  Laboratory and radiology services; and

    d.  Pain management therapy services.

45.     Upon information and belief, Plaintiff has not received any equity interest in, or distribution from, the Ancillary Businesses.

46.     Upon information and belief, Plaintiff has been deprived of the opportunity to participate in these corporate opportunities of Emerson.

## PLAINTIFF'S REQUEST FOR CORPORATE INFORMATION

47.     Upon receiving shares of Emerson, Plaintiff attempted to secure information about the company in order to understand its operations and ownership structure.  Despite repeated demands to Emerson, Plaintiff did not receive the requested documentation.

48.     By letter dated November 4, 2014, a copy of which is attached hereto as Exhibit "A," David Wolnerman, Esq., co-counsel for Plaintiff in this action, wrote on behalf of the Trust to Emerson and requested certain documents pursuant to, among other things, N.J.S.A. 14A:5-28.

49.     In response, Emerson responded that the Trust was not a shareholder of Emerson and, therefore, Emerson would not be providing any of the Emerson Documents requested.

50.     Notwithstanding Emerson's allegation that the Trust was not a shareholder, Emerson continues to list Bergstein as a shareholder on its tax returns and, as noted, Emerson issued stock in the name of the Trust in or about July 2014.

51.     By letter dated November 17, 2014, a copy of which is attached hereto as Exhibit "B," David Wolnerman, Esq., co-counsel for Plaintiff in this action, again wrote Emerson and requested the very same Emerson Documents requested in the November 4, 2014 letter.

52.     Emerson again neglected to supply the documents requested in the November 17, 2014 letter.

53.     Subsequently, co-counsel, Jeffrey A. Cooper, Esq., wrote to Emerson on December 1, 2015, a copy of which is attached hereto as Exhibit "C," in order to request certain addition documents.

54.     To date, Emerson has refused to provide the Trust with the requested information.

55.     Although Emerson supplied certain limited information to the Trust, the manner in which such limited disclosure was provided to the Trust rendered such information meaningless.

56.     For example, Emerson provided tax returns for years 2012, 2013 and 2014, but sent them in a redacted form which did not even include the name of the entity itself.

57.     Emerson also provided copies of certain K-1s of various co-shareholders, but again redacted certain relevant information.

58.     In order to secure a modicum of relevant information, the Trust, through counsel, indicated that it would be willing to receive redacted versions of all shareholder K-1s which excluded identifying tax payer information. Emerson refused to provide the Trust the requested K-1s.

## KNOWN INSTANCES OF NEPOTISM

59.     As an officer and director of Emerson, Rosenson has used his influence within Emerson to afford his and his wife's family members employment opportunities at Emerson and the Ancillary Businesses.

60.     For example, upon information and belief, Dorothy Prager ("Prager"), Rosenson's daughter, is currently employed at Emerson as "Assistant Administrator."

61.     Upon information and belief, no shareholder or Board of Director's vote was held to approve the hiring or compensation of Prager as Assistant Administrator or otherwise.

62.     Estie Hollander ("Hollander"), Rosenson's niece, is also currently employed at Emerson as "Assistant Administrator."

63.     Upon information and belief, no shareholder or Board of Director's vote was held to approve the hiring or compensation of Hollander as an assistant administrator or otherwise.

64.     Rosenson also caused Barry Hollander, Prager's husband, to be employed as CEO.

65.     Upon information and belief, no shareholder or Board of Director's vote was held to approve the hiring or compensation of Barry Hollander as CEO or otherwise.

66.     Emerson has never disclosed to Plaintiff the salaries paid to the aforementioned employees.

67.     Upon information and belief, other members of Rosenson's family have also been employed by Emerson.

68.     Upon information and belief, one of the aforementioned Rosenson family employees were simultaneously employed by and drawing a salary from other Rosenson-related businesses.

69.     Despite requests by members of the Bergstein family, the Bergstein children were denied an opportunity to work for Emerson or the Ancillary Businesses.

70.     Upon information and belief, Bergstein family members were denied employment at Emerson in an effort to conceal the true nature, extent and profitability of Emerson and its Ancillary Businesses.

71.     Upon information and belief, monies otherwise available for shareholder distributions have been and are being funneled to Rosenson family members in the guise of salaries.

## PRIVATE REVENUE RULING

72.     On or about March 21, 2016, Emerson wrote to the Trust and requested that it consent to a request for a private revenue ruling from the IRS in order to ensure its continued status as a sub-chapter S corporation.

73.     Upon information and belief, and pursuant to the private revenue ruling request made by Emerson, the company had allowed the transfer of shares of stock to persons or entities unqualified to maintain its status as a sub-chapter S corporation.

74.     Specifically, Emerson had allotted shares to two individuals who were not qualified to receive the transfer of sub s corporation stock.

75.     In fact, it was only in negotiations to receive the Trust's consent for this request that Emerson ultimately sent the redacted tax returns and K-1s.  Upon the present knowledge and information of the Plaintiff, the private revenue ruling remains undecided to this date.

76.     Should the IRS decline the request, Emerson and its individual shareholders will be harmed, in that they will owe substantial sums in taxes which would affect the profitability and cash flow of the company.

10

## Count One

### (Demand For Books and Records and Inspection)

77.    Plaintiff repeats and realleges each of the allegations from the preceding paragraphs as if fully set forth herein.

78.    Pursuant to its status as shareholder and pursuant to N.J.S.A. 14A:5-28, Plaintiff is entitled to access to Emerson's books and records, including the Emerson Documents and Additional Documents.

79.    Defendant has denied Plaintiff access to Emerson's books and records.

80.    Based upon, among other things, the prior allegations in this Complaint, Plaintiff has demonstrated a proper purpose as that term is defined in the statute.

81.    Accordingly, Plaintiff is entitled to the production for examination of "the books and records of account, minutes, and records of shareholders of the corporation" as well as other appropriate relief.

82.    As a result of the Defendant's conduct, Plaintiff has suffered and will continue to suffer substantial pecuniary injury and irreparable harm.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendant as follows:

a.    Ordering the Defendant to immediately provide Plaintiff with unfettered access to Emerson's books and records, including, but not limited to the financial statements reflecting all income, expenses, assets, and liabilities from 2010 to date and permitting Plaintiff to engage in a forensic review of such books and records.

b.    Awarding the Plaintiff compensatory and punitive damages, attorneys and professionals' fees and cost of suit; and

11

c.  Such other relief as the Court deems just and equitable.

## Count Two

### (Shareholder Oppression Under N.J.S.A. 14A:12-7)

83.  Plaintiff repeats and realleges each of the allegations from the preceding paragraphs as if fully set forth herein.

84.  Plaintiff is and was at all relevant times a minority shareholder of Emerson.

85.  Defendant, through its officers, directors, and majority shareholders of Emerson, has oppressed Plaintiff as a minority shareholder in violation of N.J.S.A. 14A:12-7.

86.  The Defendant has used its majority shareholder status to thwart, harm, stifle, and/or destroy Plaintiff's reasonable expectation of being a shareholder and have operated the company unjustly and unfairly and have otherwise conducted the affairs of Emerson contrary to law.

87.  Based upon the foregoing, the Defendant has acted fraudulently, mismanaged Emerson, abused its authority and acted oppressively and unfairly towards Plaintiff in its capacity as a minority shareholder.

88.  The Defendant's actions have caused Plaintiff to suffer significant hardship.

89.  The Defendant has caused Emerson to act arbitrarily and vexatiously and in bad faith towards Plaintiff.

90.  As a result of the Defendant's conduct, Plaintiff has suffered and will continue to suffer substantial pecuniary injury and irreparable harm.

**WHEREFORE,** Plaintiff demands that judgment be entered against the Defendant which grants the following relief:

a.  Requiring a full and complete accounting;

b. Awarding the Plaintiff compensatory and punitive damages, attorneys and professionals' fees and cost of suit; and

c. Such other relief as the Court deems just and equitable including, but not limited to the possible dissolution and/or forced sale of interest in the corporation.

## Count Three

### (Demand For Accounting Under Common Law)

91.     Plaintiff repeats and realleges each of the allegations from the preceding paragraphs as if fully set forth herein.

92.     The Defendant owes a fiduciary duty to its shareholders.

93.     Despite repeated and appropriate requests for information, Defendant has refused to meet that obligation.

94.     Defendant has, among other things, established ancillary businesses and engaged in practices concerning employment which have impacted Plaintiff.  Despite requests, Defendant has refused to explain these actions and the impact upon the company and the minority shareholders' interest.

95.     Plaintiff is entitled to an accounting.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendant which grants the following relief:

a. Ordering the Defendant to provide a full accounting of its operations and their effect upon the Plaintiff;

b. Awarding the Plaintiff compensatory and punitive damages, attorneys and professionals' fees and cost of suit and

c. Such other and further relief as the Court deems just and equitable.

13

**RABINOWITZ, LUBETKIN & TULLY, LLC**
*Counsel for Plaintiff,* Dwoira Bergstein Trust a/k/a Dora
Bergstein Revocable Trust

By: _____
JEFFREY A. COOPER

-and-

**WHITE & WOLNERMAN, PLLC**
*Counsel for Plaintiff,* Dwoira Bergstein Trust a/k/a Dora
Bergstein Revocable Trust

By: _____
DAVID Y. WOLNERMAN (pro hac vice pending)

Dated: August 31, 2016

14

## VERIFICATION

I am the authorized representative of the Dwoira Bergstein Revocable Trust, the Plaintiff

in the above titled action.  I have read the Complaint and know its contents.  The contents are

true of my own knowledge, except as to matter stated upon information and belief, and, in such

matters, they are true to the best of my knowledge and belief.


Dated: August _31_, 2016

By: _Chaim Moshe Bergstein_
a.k.a. _Morris Bergstein_
Rabbi Chaim Moshe Bergstein
also known legally as Morris Bergstein
Trustee and P.O.A. during
the lifetime of my mother
Dwoira
Bergstein

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c) Jeffrey Cooper, Esq. and Barry J. Roy, Esq. are designated as trial

counsel for the Plaintiff in the above matter.

**RABINOWITZ, LUBETKIN, & TULLY, LLC**
*Attorneys for Plaintiff*


Dated: ~~August~~ September _1_, 2016

By: _____
JEFFREY A. COOPER


**RABINOWITZ, LUBETKIN, & TULLY, LLC**
*Attorneys for Plaintiff*


Dated: ~~August~~ _1_, 2016

By: _____
BARRY J. ROY


15

Pursuant to R. 4:5-1(b)(2), it is hereby stated that the matter of controversy is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Accordingly, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## JURY DEMAND

The Plaintiff, Dwoira Bergstein Revocable Trust, hereby demands a trial by jury of all of the tribal issues of this Complaint pursuant to R. 1:8.2(b) and R. 4:35-1(a).

# EXHIBIT A



# WHITE & WOLNERMAN, PLLC
## Attorneys at Law

Direct Dial: (212) 308-0603
e-mail: dwolnerman@wwlawgroup.com

November 4, 2014

**BY FEDERAL EXPRESS**

Emerson Convalescent Center, Inc.
d/b/a Emerson Health Care Center
100 Kinderkamack Road
Emerson, NJ 07630

Re:   Demand for Inspection of Books and Records of Emerson Convalescent
Center, Inc. d/b/a Emerson Health Care Center (the "Health Care Center")

Dear Sirs:

Dora Bergstein, as a shareholder in the Health Care Center holding 10.87% of the stock therein, pursuant to New Jersey Statute, Article 14A, *et seq.*, hereby demands that the Health Care Center make the books and records described below available for inspection and copying by Dora Bergstein and her duly authorized designees and professionals. Dora Bergstein is demanding this information for the purposes of investigating wrongdoing and/or possible mismanagement of the Health Care Center. The following Health Care Center documents would be needed during the time period from November 2008 to November 2014 (the "Subject Period") to perform our analysis. To the extent that these records are available electronically from your accounting software, please provide downloaded records on magnetic media (CD, DVD, USB device, etc.), as well as appropriate password access.

1.  LLC Operating agreement, stockholder agreement and/or partnership agreement

2.  Management, employment, administrative and/or other agreements in force (also any consulting and/or services agreements).

3.  External financial statements prepared by CPA during the Subject Period.

4.  Monthly internally prepared financial reporting packages for the Subject Period.

5.  Federal income tax returns during the Subject Period.

6.  Listing of all bank accounts used during the Subject Period. Please provide a list of all check signors on each account, as well as an understanding of the facility's cash management system in place.

# WHITE & WOLNERMAN, PLLC

Attorneys at Law

7. Have available all bank statements and bank reconciliations for each account identified on Item #5 above, including cancelled checks, deposit tickets and wire transfer advices.

8. Electronic versions of the general ledgers, trial balances cash receipts and cash disbursements journals, income ledgers, purchase journals and payroll journals for the Subject Period.

9. General ledger chart of accounts and general ledger report groupings to balance sheets and income statements.

10. Resident rates in effect (room and board) during the Subject Period as well as occupancy information.

11. Monthly accounts receivable ledgers detailed by invoice reconciled to general ledgers during the Subject Period.

12. Property and fixtures schedule including additions and deletions (sales/retirements) during the Subject Period.

12. Monthly accounts payable trial balances detailed by invoice reconciled to general ledgers during the Subject Period.

13. Loan agreements including loan statements and amortization schedules – all secured and sub debt – both third party and related party debt.

14. Organization chart of affiliated entities including ownership names and percentages and nature of relationships, and nature of transactions with affiliates.

15. Organization chart of employees.

16. Internally prepared monthly and quarterly payroll registers during the Subject Period. If outsourced to an outside payroll service such as ADP or Paychex, weekly, biweekly, monthly and quarterly payroll registers during the Subject Period (in electronic format, if available).

17. Officer, stockholder and related family member salaries and "perks" during the Subject Period.

18. Payroll tax returns during the Subject Period, including W-2s and 941s.

19. Have available resident billing files (copies not needed).

20. Have available Medicaid cost reports filed with the State.

21. Schedule of Medicaid contract rates for residents.

22. Have available vendor/supplier/tax/professional fee invoices (copies not needed).

23. Vendor/supplier contracts in force including terms (copies not needed).

2

# WHITE & WOLNERMAN, PLLC
Attorneys at Law

24. Union contracts in force, if applicable.

25. Accounting policy manual.

26. Copies of insurance policies in force.

The information listed above may not be all inclusive in scope.  As our procedures commence, there may be additional information needed.

Sincerely,

David Wolnerman

3

**EXHIBIT B**



# WHITE & WOLNERMAN, PLLC
## Attorneys at Law

Direct Dial: (212) 308-0603
e-mail: dwolnerman@wwlawgroup.com

November 17, 2014

**BY FEDERAL EXPRESS**

Emerson Convalescent Center, Inc.
d/b/a Emerson Health Care Center
100 Kinderkamack Road
Emerson, NJ 07630

Re:     Demand for Inspection of Books and Records of Emerson Convalescent
        Center, Inc. d/b/a Emerson Health Care Center (the "Health Care Center")

Dear Sirs:

This firm represents Dwoira (Dora) Bergstein, Chaim Moshe Bergstein and Sara Lefkowitz, as trustees of the Dwoira Bergstein Revocable Living Trust u/t/d 6/1/03 ("Shareholder"), as a shareholder in the Health Care Center holding 10.87% of the stock therein. Pursuant to New Jersey Statute, Article 14A, *et seq.,* Shareholder hereby demands that the Health Care Center make the books and records described below available for inspection and copying by Shareholder and its duly authorized designees and professionals. Shareholder is demanding this information for the purposes of investigating wrongdoing and/or possible mismanagement of the Health Care Center. The following Health Care Center documents would be needed during the time period from November 2008 to November 2014 (the "Subject Period") to perform our analysis. To the extent that these records are available electronically from your accounting software, please provide downloaded records on magnetic media (CD, DVD, USB device, etc.), as well as appropriate password access.

1. LLC Operating agreement, stockholder agreement and/or partnership agreement

2. Management, employment, administrative and/or other agreements in force (also any consulting and/or services agreements).

3. External financial statements prepared by CPA during the Subject Period.

4. Monthly internally prepared financial reporting packages for the Subject Period.

5. Federal income tax returns during the Subject Period.

6. Listing of all bank accounts used during the Subject Period. Please provide a list of all check signors on each account, as well as an understanding of the facility's cash management system in place.

# WHITE & WOLNERMAN, PLLC

Attorneys at Law

7.  Have available all bank statements and bank reconciliations for each account identified on Item #5 above, including cancelled checks, deposit tickets and wire transfer advices.

8.  Electronic versions of the general ledgers, trial balances cash receipts and cash disbursements journals, income ledgers, purchase journals and payroll journals for the Subject Period.

9.  General ledger chart of accounts and general ledger report groupings to balance sheets and income statements.

10.  Resident rates in effect (room and board) during the Subject Period as well as occupancy information.

11.  Monthly accounts receivable ledgers detailed by invoice reconciled to general ledgers during the Subject Period.

12.  Property and fixtures schedule including additions and deletions (sales/retirements) during the Subject Period.

12.  Monthly accounts payable trial balances detailed by invoice reconciled to general ledgers during the Subject Period.

13.  Loan agreements including loan statements and amortization schedules -- all secured and sub debt -- both third party and related party debt.

14.  Organization chart of affiliated entities including ownership names and percentages and nature of relationships, and nature of transactions with affiliates.

15.  Organization chart of employees.

16.  Internally prepared monthly and quarterly payroll registers during the Subject Period.  If outsourced to an outside payroll service such as ADP or Paychex, weekly, biweekly, monthly and quarterly payroll registers during the Subject Period (in electronic format, if available).

17.  Officer, stockholder and related family member salaries and "perks" during the Subject Period.

18.  Payroll tax returns during the Subject Period, including W-2s and 941s.

19.  Have available resident billing files (copies not needed).

20.  Have available Medicaid cost reports filed with the State.

21.  Schedule of Medicaid contract rates for residents.

22.  Have available vendor/supplier/tax/professional fee invoices (copies not needed).

2

# WHITE & WOLNERMAN, PLLC
### Attorneys at Law

23.  Vendor/supplier contracts in force including terms (copies not needed).

24.  Union contracts in force, if applicable.

25.  Accounting policy manual.

26.  Copies of insurance policies in force.

The information listed above may not be all inclusive in scope.  As our procedures commence, there may be additional information needed.

Sincerely,

David Wolnerman

3

# EXHIBIT C

# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

### ATTORNEYS AT LAW

JONATHAN I. RABINOWITZ*
JAY L. LUBETKINΔ
MARY ELLEN TULLY, RETIRED
BARRY J. ROY*□
JEFFREY A. COOPER*
LAURA E. QUINN*
JOHN J. HARMON*

293 EISENHOWER PARKWAY • SUITE 100
LIVINGSTON, NEW JERSEY 07039
TELEPHONE: (973) 597-9100
FACSIMILE: (973) 597-9119
WWW.RLTLAWFIRM.COM

* MEMBER NJ & NY BARS
Δ MEMBER NJ & GA BARS
□ MEMBER MA BAR

December 1, 2015

Via E-mail decter@llpplaw.com and Regular Mail
Mitchell J. Decter, Esq.
Lampf, Lipkind, Prupis & Petigrow
80 Main Street, Suite 350
West Orange, New Jersey 07052-5482

Re:   **Demand for Inspection of Books and Records of
Emerson Convalescent Center, Inc. d/b/a Emerson Health
Care Center (the "Health Care Center")**

Dear Mr. Decter:

Please be advised that this office is now local counsel, with White & Wolnerman, PLLC and represents Dwoira (Dora) Bergstein, Chaim Moshe Bergstein, and Sarah Lefkowitz, as Trustees of the Dora Bergstein Revocable Living Trust u/t/d 6/1/03 ("Shareholder") as a Shareholder in the Emerson Convalescent Center, Inc. d/b/a Emerson Health Care Center, holding 10.87% of the stock of that company.

We are in receipt of the letter of White & Wolnerman dated November 17, 2014 together with your response dated November 20, 2014.  While reserving all rights on behalf of our client, we now make a more limited request under the authority of N.J.S.A. 14A:5-28.  We have reviewed Cain v. Merck & Co., 415 N.J. Super. 319 (App. Div. 2010) and believe that the demand referenced below is within the scope of the statute and case law authority.

Pursuant to subparagraph (2), the Trust hereby makes demand for a copy of the balance sheet of the company as of the end of the preceding fiscal year and its profit and loss and surplus statement for that fiscal year.

Pursuant to subparagraph (3), the Trust hereby makes demand for the minutes of the proceedings of the company's shareholders and record of shareholders.

Mitchell J. Decter, Esq.
December 1, 2015
Page 2

As you know, case law has determined that the burden of proof is on the corporation, pursuant to subsection (3) to demonstrate the Shareholder has an improper purpose. Since the Trust does not believe the company has a basis to so object, we would ask you to advise when you will make such minutes available, or, as a courtesy, please copy and transmit all such minutes to us at my law firm.

We are available to discuss the matter.

Thank you for your cooperation.

Very truly yours,

RABINOWITZ, LUBETKIN & TULLY, LLC

Jeffrey A. Cooper

cc:    David Wolnerman, Esq.

JAC:rg

# EXHIBIT B

Attorney(s):          **Barry J. Roy**
Attorney Id No.:
Law Firm:             **Rabinowitz, Lubetkin & Tully, LLC**
Address:              **293 Eisenhower Parkway, Suite 100**
                      **Livingston, New Jersey 07039**

Telephone No.:        **(973) 597-9100**
Fax No.:              **(973) 597-9119**
E-mail:               **broy@rltlawfirm.com**
Attorney(s) for Plaintiff(s): Dwoira Bergstein Revocable Trust

| | |
|---|---|
| **Dwoira Bergstein Revocable Trust** | SUPERIOR COURT OF NEW JERSEY |
| | **CHANCERY** DIVISION |
| | **BERGEN** COUNTY |
| Plaintiff(s) | |
| vs. | DOCKET NO.: **C-250-16** |
| **Emerson Convalescent Center, Inc.** | |
| | CIVIL ACTION |
| | **Summons** |
| Defendant(s) | |

**FROM THE STATE OF NEW JERSEY**

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above or online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ **175.00**_____ and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 9/4/12   Effective 9/4/12   P10/13

Powered by
HOTdocs™

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510        Page 1

If you cannot afford an attorney, you may call the Legal Services Office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: __September 16, 2016_____       _/S/ Michelle M. Smith_____
                                                                                      *Clerk of the Superior Court*

Name of Defendant to be Served: __Emerson Convalescent Center, Inc._____

Address of Defendant to be Served: __100 Kinderkamack Road, Emerson, New Jersey_____

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 9/4/12   Effective 9/4/12   P10/13

Powered by
HOTdocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510        Page 2

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Filing Office
Hall of Justice, First Floor
101 South Fifth Street, Suite 150
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
9 North Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street, P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake, First Floor, Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Middlesex Vicinage
Second Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY**
Morris County Courthouse
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 287-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

*Updated: 8/21/13*



Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 3

# EXHIBIT C



WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

October 27, 2016

**Thomas A. Gentile, Esq.**
973.735.5785 (direct)
Thomas.Gentile@wilsonelser.com

**VIA FEDEX OVERNIGHT**

Clerk of the Court
Superior Court of New Jersey
Chancery Division, Bergen County
10 Main Street
Hackensack, New Jersey 07601

Re:     *Dwoira Bergstein Revocable Trust v. Emerson Convalescent Center, Inc.,*
          Docket No. C-250-16 (Ch. Div. Bergen Cty.)

File No:     18041.00003

To the Clerk of the Court:

        This firm is counsel for the Defendant, Emerson Convalescent Center, Inc., in the above-referenced civil action.  Enclosed are two copies of the Notice of Removal that was filed this day with the United States District Court for the District of New Jersey.

        Kindly file one copy and please return the other copy, file-stamped, to me using the enclosed self-addressed stamped envelope.

        Thank you for your attention to this matter.

                                  Respectfully,

                                  Thomas A. Gentile
                                  Wilson Elser Moskowitz Edelman & Dicker LLP

cc:   Neil L. Prupis

---

200 Campus Drive • Florham Park, NJ 07932 • p 973.624.0800 • f 973.624.0808
Carolyn F. O'Connor • Regional Managing Partner, New Jersey

Albany • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London
Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia
Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

2200220v.1

Thomas A. Gentile, Esq. (TG-6939)
**Wilson Elser Moskowitz Edelman & Dicker LLP**
200 Campus Drive, Fourth Floor
Florham Park, New Jersey 07932
Phone: (973) 735-5785
Fax: (973) 624-0808

*Attorneys for Defendant*
*Emerson Convalescent Center, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DWORIA BERGSTEIN REVOCABLE TRUST, <br><br> *Plaintiff,* <br><br> v. <br><br> EMERSON CONVALESCENT CENTER, INC. <br><br> *Defendant.* | Civil Action No. _____ <br><br><br> **NOTICE OF REMOVAL** <br><br> **(Filed Electronically)** |

**TO:   THE HONORABLE CHIEF JUDGE AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §1446(a), Defendant EMERSON CONVALESCENT CENTER, INC. ("Emerson" or "Defendant"), by and through its undersigned attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, on this date have filed this Notice of Removal from the Superior Court of New Jersey, Chancery Division, Bergen County, to this Honorable United States District Court for the District of New Jersey, together with all process, pleadings, and orders, as required by 28 U.S.C. §1446(a), copies of which are attached hereto, and made part hereof; and that said Notice respectfully shows that:

(1)     Emerson is a defendant in a civil action brought in the Superior Court of New Jersey, Chancery Division, Bergen County, captioned *Dwoira Bergstein Revocable Trust v. Emerson Convalescent Center, Inc.*, Docket No. C-250-16.

1

2199969v.1

(2)     The complaint in the foregoing state court action was filed in the Superior Court of New Jersey, Chancery Division, Bergen County, on or after September 2, 2016, which is the date that is file-stamped on the face of the state court complaint.  Attached hereto as Exhibit A is a true and correct copy of the state court complaint and accompanying summons.

(3)     The law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, on behalf of its client, Emerson, accepted and acknowledged service of process of the state court complaint on September 29, 2016.  Attached hereto as Exhibit B is a true and correct copy of the Acknowledgement and Acceptance of Service bearing the date September 29, 2016.

(4)     Having accepted and acknowledged service of process of the state court complaint on September 29, 2016, removal is timely as of this date, October 27, 2016.  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

(5)     The aforesaid state court complaint, summons and Acknowledgement and Acceptance of Service, constitute all process, pleadings and orders in this action.

(6)     Defendant is entitled to remove this action on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. §1441(b).  Plaintiff, the Dwoira Bergstein Revocable Trust, is a trust created and governed under Florida law, all of whose trustees are domiciled in states other than New Jersey.  Defendant is a New Jersey corporation having its principal place of business in New Jersey.  As such, there is complete diversity of citizenship.

(7)     Upon information and belief and the facts set forth herein, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Among other relief, Plaintiff seeks in all three counts of Plaintiff's complaint "compensatory and punitive damages."  In addition, Plaintiff seeks in all three counts of Plaintiff's complaint

2

2199969v.1

"attorneys and professionals' fees." All of the foregoing show that the amount in controversy is in excess of the $75,000.00 threshold of 28 U.S.C. §1332(a).

(8)     Therefore, this is a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, over which the United States District Courts have original diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1); and, therefore, this civil action may be removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §1441(a).

(9)     Defendant does not waive any objections, any exceptions, or any defenses to the plaintiff's complaint, and retains all right to assert all such objections, exceptions and/or defenses in the United States District Court for the District of New Jersey and/or elsewhere.

(10)     Upon filing (electronically) the within Notice of Removal with the United States District Court for the District of New Jersey, Defendant also filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Chancery Division, Bergen County, to effect removal of this action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §1441 and 1446(b). A true and correct copy of the Notice filed with the Superior Court of New Jersey, Chancery Division, Bergen County (without exhibits), is attached as Exhibit C.

**WHEREFORE,** Defendant respectfully prays, given that all applicable statutory requirements have been met, that the above-captioned action now pending in Superior Court of New Jersey, Chancery Division, Bergen County, be removed to this Honorable United States District Court for the District of New Jersey.

3

Dated:  October 27, 2016

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By:  _____/s/ Thomas A. Gentile_____
         THOMAS A. GENTILE

Thomas A. Gentile (TG-6939)
200 Campus Drive, Fourth Floor
Florham Park, New Jersey 07932
Phone:  (973) 735-5785
Fax:  (973) 624-0808

*Attorneys for Defendant*
*Emerson Convalescent Center, Inc.*

4

2199969v.1